IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **VRAIMONE PARKER,** | : | |
| Plaintiff, | : | Case No. 5:24-CV-00147-CAR-CHW |
| v. | : | |
| **Correctional Officer BARNHART,** | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff Vraimone Germaine Parker, a prisoner confined in the Georgia Diagnostic & Classifications Prison in Jackson, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. On July 3, 2024, Plaintiff was granted leave to proceed *in forma pauperis* but was ordered to pay a partial initial filing fee of $17.33 in accordance with 28 U.S.C. § 1915(b)(1). ECF No. 4. Plaintiff was given fourteen days to pay the fee. *Id*. Plaintiff has not paid the fee. Instead, Plaintiff has now filed a "motion for relief". ECF No. 9. Plaintiff requests that this Court allow him to proceed with his civil action without paying the partial initial filing fee. *Id*. He also requests that this Court direct the prison to only deduct five percent each month from his account to satisfy the remainder of the filing fee rather than the twenty percent previously ordered. *Id*. It thus appears that Plaintiff seeks reconsideration of this Court's previous order (ECF No. 8) granting his motion to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible. *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). When considering a motion to proceed *in forma pauperis* filed under § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A plaintiff's pleadings in support of his request to proceed *in forma pauperis* should demonstrate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of any costs. The statute conveys only a privilege to proceed for those litigants unable to prepay costs without undue hardship. *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984) (citing *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *see also Mack v. Petty*, 2014 WL 3845777, at 1 (N.D. Ga. Aug. 4, 2014). While the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy*, 607 F. Supp. at 33 (S.D. Fla. 1984) (*citing Evensky v. Wright,* 45 F.R.D. 506, 507–508 (N.D.Miss.1968). 28 U.S.C. § 1915(a), should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack*, 2014 WL 3845777 at *1. Thus, the district court is given wide discretion to decide

motions to proceed *in forma pauperis* and should "grant the privilege sparingly" in civil lawsuits.  *Martinez*, 364 F.3d at 1306.

Plaintiff requests that the Court waive the partial initial filing fee.  ECF No. 9 at 1. In its order granting Plaintiff's motion to proceed *in forma pauperis*, the Court found that Plaintiff had total deposits in the amount of $520.00 to his inmate account within six months.  *See* ECF No. 8 at 2; ECF No. 7 at 2.  Therefore, Plaintiff's average monthly deposit for those six months was $86.67.  *Id*.  Furthermore, Plaintiff's complaint is dated May 6, 2024 (ECF No. 1 at 9) and his account statement demonstrates that he received regular deposits of $100 or more every month from November 2023 through April 2024. ECF No. 7 at 2.  During this same time period, Plaintiff spent approximately $514.00 in store purchases.  *Id*. at 4-5.  Thus, it appears Plaintiff plainly had income at his disposal upon filing this action.[1]  *See Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (funds derived from other sources such as family and friends are relevant to indigency determination).  Furthermore, Plaintiff was fully aware that a partial filing fee would be levied upon the filing of this lawsuit because he previously filed a § 1983 action as a prisoner and was required to pay a partial filing fee in that suit.  *See* ECF No. 5 in Case # 7:23-cv-141-HL-TQL, *Parker v. Valdosta State Prison*.  Lastly, Plaintiff's basic needs are met by the Georgia Department of Corrections, and he does not demonstrate that

---

[1] A review of the Georgia Department of Corrections website further reveals that Plaintiff may have received an additional deposit of $150 on June 23, 2024, just one week prior to this Court's order that he pay the partial initial filing fee.  *See* https://services.gdc.ga.gov/paymentinfo/jsp/paymentinfo.jsp

anyone depends on him for support. *See Martinez*, 364 F.3d at 1307; *Wilson,* 313 F.3d at 1319-20; *Shephard v. Clinton*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion) (holding that district court did not abuse its discretion to deny inmate *in forma pauperis* status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care").   For all these reasons, Plaintiff's unsupported "motion for relief" fails to demonstrate that he is unable to pay the reduced initial court fee of $17.33, and his request to waive the partial initial filing fee is **DENIED**.  *See Martinez*, 364 F.3d at 1306; *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay a filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on discretionary items as opposed to paying the filing fee).

As for Plaintiff's request that the Court reconsider deducting twenty percent from his account monthly, the Court does not have the authority to do so.  Plaintiff was previously advised (ECF No. 8 at 1-3) that granting leave to proceed *in forma pauperis* and the payment of filing fees is governed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  The PLRA mandates that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account… until the filing fees are paid". 28 U.S.C. § 1915(b)(2).  Accordingly, Plaintiff's request that only five percent be deducted monthly from his inmate trust account is **DENIED**.

In conclusion, Plaintiff's "motion for relief" (ECF No. 9) is **DENIED**. Plaintiff is **ORDERED** to pay the partial initial filing fee of $17.33 or if his funds have been depleted for reasons other than discretionary spending, then submit an updated certified prison trust fund account statement for the preceding six months signed by a corrections official along with a renewed motion for reconsideration of payment of the PLRA required partial initial filing fee. Plaintiff shall have **FOURTEEN (14) DAYS** from the date below to comply with this Order. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his Complaint.

The **CLERK** is **DIRECTED** to mail an account certification form to Plaintiff along with his service copy of this Order (with the case number showing on both).

**SO ORDERED and DIRECTED**, this 2nd day of August, 2024.

                         s/ Charles H. Weigle
                         Charles H. Weigle
                         United States Magistrate Judge