# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **VRAIMONE PARKER,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:24-CV-00147-CAR-CHW |
| | : | |
| v. | : | |
| | : | |
| Correctional Officer BARNHART, | : | Proceedings Under 42 U.S.C. §1983 |
| Warden JOE WILLIAMS, | : | Before the U. S. Magistrate Judge |
| Deputy Warden FLEMISTER | : | |
| WILEY,[1] | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Vraimone Germaine Parker, a prisoner confined in the Georgia Diagnostic & Classifications Prison in Jackson, Georgia filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  After an initial review, Plaintiff was ordered to recast his complaint to remedy defects found therein.  ECF No. 5.  Plaintiff has filed his amended complaint.  ECF No. 6.

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint.  ECF No. 5 at 3-5.  Plaintiff's recast complaint (ECF No. 6) is thus the operative complaint in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).  In his recast complaint, Plaintiff now adds Warden Joe Williams and Deputy Warden Flemister Wiley as Defendants.  ECF No. 5 at 1 and 4.  The Clerk of Court is **DIRECTED** to add Warden Joe Williams and Deputy Warden Flemister Wiley as Defendants to this civil action.

Plaintiff also requested leave to proceed *in forma pauperis* (ECF Nos. 2 and 7) which was granted with the provision that Plaintiff pay a statutorily required partial initial filing fee (ECF No. 5). Plaintiff has paid that fee. This complaint is now ripe for preliminary review. Upon such review, Plaintiff may proceed with his Eighth Amendment claim against Defendant Barnhardt for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Williams and Wiley be **DISMISSED** without prejudice.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.         Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

3

support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

Plaintiff's claims arise from his incarceration in the Special Management Unit at Georgia Diagnostic & Classification Prison in Jackson, Georgia. ECF No. 6 at 5. Plaintiff states that on March 12, 2024, he was escorted back to his cell by Correctional Officers Spivey, Bennett, and Barnhardt after his allotted out of cell time. *Id*. at 7. Plaintiff further states that "when the Plaintiff arrived at his assigned cell Officer Barnhardt removed the Plaintiff's ankle shackles." *Id*. Plaintiff claims that when he stepped into his cell "Officer Barnhardt attacked the Plaintiff swinging a punch, violently striking the Plaintiff in the face." *Id*. Plaintiff avers that his "hands was secured in handcuffs behind his back." *Id*. Plaintiff requests $500,000 in damages. *Id*. at 8 and 10.

III. <u>Plaintiff's Claims</u>

A. *Defendant Officer Barnhardt*

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id*. at 6. To satisfy the objective prong, the plaintiff

4

must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).  When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident."  *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'"  *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

After liberally construing Plaintiff's complaint and reading all allegations in his favor, Plaintiff's Eighth Amendment claim against Defendant Barnhardt for use of excessive force can proceed for further factual development.

B.  *Defendants Warden Joe Williams and Deputy Warden Flemister Wiley*

It is unclear why Plaintiff has named Warden Williams and Deputy Warden Wiley as Defendants.  Plaintiff does not provide any allegations or present any claims regarding these Defendants other than simply naming them as Defendants.  *See* ECF No. 6.  A

district court properly dismisses a complaint when the plaintiff, other than naming a defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert any claim based upon these Defendants' supervisory roles as Warden and Deputy Warden, his claim still fails. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged

constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Keating*, 598 F.3d at 762; *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that Defendants Williams and Wiley had any direct or indirect involvement in any violation of Plaintiff's constitutional rights and therefore Plaintiff's claims as to these Defendants are subject to dismissal. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Accordingly, it is **RECOMMENDED** that Plaintiff's unspecified claim against the Defendants Williams and Wiley be **DISMISSED without prejudice** for failure to state a claim.

IV.  Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment claim against Defendant Officer Barnhardt for further factual development. It is

**RECOMMENDED**, however, that Plaintiff's claims against Defendants Williams and Wiley be **DISMISSED** without prejudice for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Correctional Officer Barnhardt, it is accordingly **ORDERED** that service be made on the Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and

all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 5th day of November, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
